**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **THEODORE MCDOWELL** ) <br> ) <br> **Defendant.** ) <br> ) | **Case No. 09-20133** |

**MEMORANDUM AND ORDER**

Defendant Theodore McDowell has filed a "Motion to Recuse Agent Dorley as Witness in the Above Case for Perjury Testimony" (doc. 842). Mr. McDowell asks that Agent Dorley not be allowed to testify in this case because he "knowingly and purposely presented false and misleading testimonies under oath" during the *James* hearing on March 14, 2011. Mr. McDowell identifies four allegedly false statements that Agent Dorley made during the *James* hearing: (1) that Michael Williams said that the Arizona 5 made trips to Arizona to assist in drug activities; (2) that Michael Williams said that Samora McIntosh was a laborer for Global Cable in New Jersey; (3) that Michael Francois was arrested with over 200 pounds of marijuana in May 2000; and (4) that Dwight Rhone had a red grease stain on him when he was arrested in May 2007.

This motion is denied for several reasons.

First, Mr. McDowell has not established that Agent Dorley did in fact commit

perjury. Perjury occurs when, "[a] witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). As to the first two statements, Agent Dorley was testifying about his interview with Michael Williams, and the Government asserts that he testified consistently with the written report of that interview. Moreover, as the Government explained, Mr. McDowell has chosen not to review that report, so his claim that Agent Dorley testified falsely is disingenuous at best.[1] The Government characterizes statement (3) about Michael Francois as a mis-recollection based on relevant conduct information in the presentence investigation report for that offense. Mr. McDowell cannot establish that such mis-recollection was intentional or material to the proceedings at hand. As to statement (4), the parties disagree about the substance of Agent Dorley's testimony. But as with statement (3), Mr. McDowell has failed to offer evidence proving willful false testimony.

Moreover, even if Mr. McDowell could establish that Agent Dorley committed perjury during the *James* hearing, he has offered no authority, and the court can find none, for his suggestion that the proper remedy is to bar Agent Dorley's testimony from trial. Instead, the proper remedy would be for Mr. McDowell to impeach Agent Dorley

---

[1] Mr. McDowell used the issue of Agent Dorley's testimony in support of his Motion to Dismiss the Indictment (doc. 841), which this court denied on the record during an April 5, 2011 hearing. The reasoning here applies with equal force to that motion as well.

2

at trial during cross-examination. Rule 611 of the Federal Rules of Evidence specifically provides that cross-examination is for "matters affecting the credibility of the witness." Fed. R. Ev. 611(b); *see also United States v. Crockett*, 435 F.3d 1305, 1312-13 (10th Cir. 2006).[2]

**IT IS THEREFORE ORDERED BY THE COURT** that the defendant's motion to recuse (doc. 842) is **denied**.

**IT IS SO ORDERED** this 6th day of April, 2011.

                        s/ John W. Lungstrum
                        John W. Lungstrum
                        United States District Judge

---

[2] The Court previously denied in open court this defendant's "Motion to Dismiss the Indictment" (doc. 841). One component of the motion dealt with Agent Dorley's testimony. To that extent, the court incorporates the reasoning here for its denial of the other motion as well.

3